John Vodonick Ph.D. (SB#063089)
Vodonick Law
PO Box 763
Nevada City. California 95959
Telephone 530 478 1078

Attorney for:  Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN EARLY<br><br>           Plaintiff,<br><br>vs.<br><br>RENEE HARDING, DOUGLAS ALLEN HARDING, TERESE HARDING, DOES 1 through and inclusive 20<br><br>           Defendants. | Case No.<br><br>COMPLAINT FOR EQUITABLE SUBORDINATION TRANSFER IN DEFRAUD OF CREDITORS, DECLARATION OF CONSTRUCTIVE TRUST, UNFAIR BUSINESS PRACTICES, THEFT, JUDICIAL FORECLOSURE,<br>(Calif. Civil Code § 3439, et seq., Calif. Bus. and Prof. Code § 17200, Calif. Penal Code § 484) |

Comes now Plaintiff Damian Early and for cause of action alleges as follows:

**Jurisdiction and Venue.**

1. This Court has jurisdiction based upon 28 USC § 1332, Plaintiff and Defendants, and each of them are citizens of different states and the claims set forth herein exceed the sum of seventy-five thousand dollars ($75,000) exclusive of interest and costs.

2. Venue is correct in this District since the real property at

1  issue is situated within this district, the claims of the
2  underlying State Court Judgment was issued in this District, and
3  the Defendants and each of them reside within this district.

### The parties

3.  Plaintiff Damian Early is a citizen of Sandpoint, Idaho, and was when the Claim for relief alleged herein arose.

4.  Defendants Renee Harding, Douglas Allen Harding, and Terese Harding are all Citizens of the State of California, County of Sacramento and were when the Claim for relief alleged herein arose.

5.  Plaintiff is informed and believes and upon such information and belief alleges that Douglas Allen Harding, and Terese Harding are the parents of Renee Harding and her undisclosed principals in the joint venture alleged herein.

5.  Plaintiff is unsure of the true names or capacities of the defendants named as "Does" herein and for that reason, alleges said defendants by such fictitious names. The plaintiff will amend this complaint when the true names and capacities of said defendants are discovered.

6.  All defendants caused and contributed to the acts and omissions alleged hereinafter and are legally responsible for Plaintiff's damages.

### The Facts and Claims for Relief

7.  On or about September 1, 2016 Plaintiff and Defendant Renee Harding entered into a written joint venture agreement to improve

1  real property purportedly owned by Renee Harding located at 4121
2  Veralee Lane, Sacramento CA 95838-31 as an agricultural
3  enterprise, including greenhouses, agricultural supplies, watering
4  technology, and related equipment.  Plaintiff agreed to contribute
5  labor, and materials to the enterprise and thereafter Plaintiff
6  and Defendant Renee Harding would divide the net profits equally.
7  Plaintiff completed the improvements to the Veralee Lane property
8  and thereby increased its value by a substantial amount.  Renee
9  Harding invited Plaintiff to repose his trust and confidence in
10 her and he reasonably did, Renee Harding did voluntarily assume
11 the duties of a fiduciary to Plaintiff.
12 8.   At all times material and mentioned herein Douglas Allen
13 Harding, and Terese Harding knew and approved of said enterprise
14 and were present during conversations between Plaintiff and Renee
15 Harding during which Renee Harding referred to the Veralee Lane
16 property as "my house" or "my property". At no time did either
17 Douglas Allen Harding, Terese Harding, or Renee Harding inform
18 Plaintiff that the Veralee Lane property was vested in Douglas
19 Allen Harding and Terese Harding and not in Renee Harding. All
20 defendants knew or should have known that the ownership of the
21 Veralee Property was a material fact
22 9.   Plaintiff is informed and believes and alleges based upon
23 such information and belief that the Veralee Lane property became
24 titled in Douglas Allen Harding, and Terese Harding prior to the
25 joint venture agreement of January 1, 1018.

1  9.   Plaintiff invested significant time, money, and property in
2  the Veralee Lane property until on or about the Spring of 2017 at
3  which time the parties had a dispute and, Defendants wrongfully
4  appropriated all proceeds of the enterprise and seized all of the
5  supplies, and Plaintiff's tools, executed joint venture agreement,
6  receipts, invoices and vehicle.
7  10. Plaintiff commenced an action for breach of contract and
8  conversion in the Superior Court of California naming Renee
9  Harding and Does 1 through 10 as Defendants.
10 11. Plaintiff has paid and laid out thirty-five thousand dollars
11 in attorney fees and costs of litigation or as according to proof.
12 12. On 02/26/2023 Judgment was entered against Renee Harding, and
13 a true and correct copy of said Judgment is attached hereto as
14 Exhibit "1".
15 13. On 06/5/2023 Plaintiff caused an abstract of said Judgment to
16 be recorded in the Official Records of Sacramento County.
17 14. Subsequent to the recordation of the said abstract of Judgment
18 Plaintiff learned for the first time that the Veralee Lane
19 Property was in fact vested in Douglas Allen Harding and Terese
20 Harding and not Renee Harding and that Douglas Allen Harding and
21 Terese Harding were the undisclosed principals of Renee Harding.
22 15.  Plaintiff has been directly and proximately damaged by the
23 fraudulent non-disclosure by defendants and each of them of the
24 true vesting of Veralee Lane property by putting the Veralee Lane
25 property in a condition that it cannot be resorted to as

4

satisfaction for the debts and obligations of the true owners.

16. The transfers of the Veralee Lane property were to insiders.

17. Renee Harding has maintained possession and control of the Veralee Lane property after the transfer.

18. Defendants and each of them failed to disclose the transfer to Plaintiff.

19. The transfer was made of substantially all the assets of Renee Harding.

20. Renee Harding was insolvent after the transfer.

21. Defendants Douglas Allen Harding, and Terese Harding accomplished the transfer and held the title of the Veralee Property for the purpose of insulating it from all claims made by the creditors of Renee Harding, including Plaintiff.

## FIRST CLAIM FOR RELIEF

### Equitable Subordination against all Defendants

22. Plaintiff incorporates allegations contained in paragraphs 3 through 21 as if set forth in full at this point.

23. Defendants and each of them has acted inequitably toward Plaintiff and it is appropriate for the Court to declare that all Defendants hold the title to the Veralee Property junior and subordinate to the lien of Plaintiff's Judgment.

## SECOND CLAIM FOR RELIEF

### Transfer in Defraud of Creditors

24. Plaintiff incorporates allegations contained in paragraphs 3 through 21 as if set forth in full at this point.

25. Defendants and each of them engaged in the acts and omissions alleged herein with the intent to hinder, delay, and defraud Plaintiff and did otherwise act with badges of fraud as specified in Civil Code §§3439.04-et.seq.

25. Plaintiff has been damaged in the amount of his judgment together with interest thereon, his attorney fees, his costs of litigation and such other damages according to proof.

### THIRD CLAIM FOR RELIEF
### Declaration of Constructive Trust

26. Plaintiff incorporates allegations contained in paragraphs 3 through 21 as if set forth in full at this point.

27. Defendants and each of them has acted inequitably toward Plaintiff and it is appropriate for the Court to declare as constructive trustees for the use and benefit of Plaintiff and with the obligation to satisfy Plaintiff's claims for the sale of the Veralee property.

### FOURTH CLAIM FOR RELIEF
### Unfair Business Practices

28. Plaintiff incorporates allegations contained in paragraphs 3 through 21 as if set forth in full at this point.

29. The acts and omissions of Defendants and each of them is in violation of Calif. Bus. &. Prof. Code. § 17200 in that they are false, deceptive, and unfair and in violation of Calif. Bus. &. Prof. Code. § 17500.

30. The acts and omissions of the Defendants and each of them are

6

1  independently wrongful pursuant to Calif. Civ. Code §§ 1572, 1533,
2  and 1710.
3  31. Plaintiff is entitled to damages for restitution and a civil
4  penalty in an amount sufficient to set an example to Defendants
5  and each of them.
6  32.  Plaintiff is entitled to an award of his reasonable attorney
7  fees.
8  FIFTH CLAIM FOR RELIEF
9  Theft
10 33.  Plaintiff incorporates allegations contained in paragraphs 3
11 through 21 as if set forth in full at this point.
12 34. The acts an omission of the Defendants and each of them
13 constitutes theft as defined by Calif. Penal Code §484,
14 35. Plaintiff is entitled to his general damages as alleged and to
15 have those damages trebled.
16 SIXTH CLAIM FOR RELIEF
17 Judicial Foreclosure
18 36.  Plaintiff incorporates allegations contained in paragraphs 3
19 through 21 as if set forth in full at this point.
20 37.  Plaintiff requests that his Lien of Judgment all amounts due
21 thereunder and though this action be foreclosed against the
22 Veralee property and that the Court conduct a sale of the property
23 and pay all expenses incurred in such sale and apply the proceeds
24 to the Plaintiffs debt and grant Plaintiff a deficiency judgment
25 upon the accounting of the sale.

1

2      WHEREFORE Plaintiff prays judgment as follows.

3  1.  For general damages in the amount of one hundred thousand,
4  four hundred seventy-five dollars ($100,475.00.
5  2.  Special damages in the amount of thirty-five thousand dollars
6  in attorney fees and costs of the underlying litigation or as
7  according to proof.
8  3.  For reasonable attorney fees herein as according to proof.
9  4.  That the claim of title of Defendants and each of them is
10 subordinated to the lien of the judgment herein, attorney fees,
11 and costs.
12 5.  That the Court determine and order Defendants to hold title
13 to the Veralee Property as constructive trustees for the benefit
14 of Plaintiff herein.
15 6.  For treble damages.
16 7.  For costs of litigation herein.
17 8.  For such other and further relief as the court determines as
18 just.

19

20 DATED: 10/23/2023                      *signature*

21                                        John Vodonick, Ph.D.