UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN EARLY,<br><br>    Plaintiff,<br><br>    v.<br><br>RENEE HARDING, *et al.*,<br><br>    Defendants. | Case No.  2:23-cv-2405-DJC-JDP (PS)<br><br><br>ORDER |

Pending before the court are (1) plaintiff's motion to strike defendants' answers and enter default; and (2) defendant Terese Harding's and Douglas Harding's motions to dismiss.[1]  For the foregoing reasons, all pending motions are denied.

A short procedural history may help understand the current posture.  On October 23, 2023, plaintiff Damian Early filed a complaint for damages against Terese Harding, Douglas Harding, and Renee Harding.  ECF No. 1.  Plaintiff alleges that in September 2016, he and Renee, the daughter of Terese and Douglas, entered into an agreement to improve certain property that plaintiff believed Renee owned.  *Id.* at 2-3.  These improvements included "an agricultural enterprise, including greenhouses, agricultural supplies, watering technology, and related equipment."  *Id.* at 3.  Plaintiff contributed labor and materials.  He alleges that Renee's parents

---

[1] Considering that all three defendants have the same last name, the court will refer to the parties by their first names.

1

"knew and approved of said enterprise." *Id.* Things changed, however, in Spring 2017, when Renee and plaintiff had a dispute. *Id.* at 4. The dispute resulted in Renee wrongfully appropriating all proceeds and supplies from the enterprise. *Id.*

Plaintiff did not bring his case to federal court—at first. He filed a state court action against Renee alleging breach of contract and conversion. *Id.* When Renee did not appear, the state court entered default against her and awarded plaintiff approximately $100,000. ECF No. 13-1 at 5. Plaintiff recorded the judgment in the "Official Records of Sacramento County." *Id.* at 4. While at the Recorders Office, plaintiff learned, for the first time, that the property he had invested in was not owned by Renee but was in fact owned by her parents. *Id.* at 4-5. Plaintiff claims that, in an attempt to circumvent Renee's creditors, Terese and Douglas engaged in some sort of fraudulent transfer that left Renee insolvent. *Id.* at 5.

Plaintiff commenced this action alleging claims for equitable subordination, transfer in defraud of creditors, declaration of constructive trust, unfair business practices, theft, and judicial foreclosure. *Id.* at 5-8.

Soon after, all three defendants filed answers in pro per. ECF Nos. 5, 6, & 7. On July 12, 2024, the court set this matter for a scheduling conference. The day before the parties were to submit their status reports, plaintiff filed a motion to strike defendants' answers on the grounds that defendants had failed to appear at their depositions. ECF No. 12. Plaintiff filed an untimely status report and defendants failed to file one. ECF No. 14. In response to the parties' failure to comply with the order setting the scheduling conference, the court issued an order to show cause. ECF No. 15. That, apparently, triggered Terese and Douglas to file separate motions to dismiss. ECF Nos. 16 & 17. As discussed below, these motions ask the court to consider evidence outside the complaint—and so are more aptly understood as motions for summary judgment.

Two days after her parents filed their motions to dismiss, Renee filed a notice of bankruptcy. ECF No. 19. Plaintiff then sought to voluntarily dismiss her under Federal Rule of Civil Procedure 41(a)(1)(A)(i)—which, as the court will explain below, is impermissible because Renee already filed an answer. ECF No. 20.

**Motion to Strike**

Plaintiff argues that the court should strike defendants' answers and enter default because they failed to appear at properly noticed depositions. ECF No. 13-2. Plaintiff seeks to strike under Federal Rule of Civil Procedure 37(d). Plaintiff, however, seems to have overlooked a key aspect of Rule 37; it requires that the parties be engaged in discovery. The rule also contemplates the failure to obey a court order; here, there is no such order since the scheduling conference did not occur. The court is denying plaintiff's motion, however, on the grounds that it was not properly noticed. The motion, brought under the discovery rules, needed to comply with my civil standing order, which requires that the parties to engage in a pre-discovery motion conference. The parties are directed to review my civil standing order, especially in regard to discovery motions, before filing any future motions.

In hopes of promoting efficient resolution, the court will reset a scheduling conference, and, at that time, the court will issue a discovery order. If a party fails to comply with that order, then the parties may request a pre-discovery conference.

**Motions to Dismiss**

Defendants Terese and Douglas filed separate but seemingly identical motions to dismiss. ECF No. 16 & 17. However, the motions do not challenge the sufficiency of the allegations, but rather the merits of plaintiff's case. A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion submits materials outside the pleadings in support of the motion, and if the court relies on those materials. Fed. R. Civ. P. 12(b)(6). Since these motions seek to have the court delve into the merits and review evidence, the court will construe the motions as motions for summary judgment and deny them without prejudice as premature.

**Motion to Voluntarily Dismiss**

Plaintiff has filed a notice of voluntarily dismissal as to Renee. ECF No. 20. Subject to exceptions not applicable here, a plaintiff may voluntarily dismiss an action without a court order by filing:

3

        (i)     a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

        (ii)    a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

     Before plaintiff filed his request for voluntary dismissal, Renee filed her answer. ECF No. 5. Consequently, plaintiff may not unilaterally dismiss Renee under Rule 41(a)(1)(A)(i). However, Renee may stipulate to dismissal of this action pursuant to Rule 41(a)(1)(A)(ii). Even if Renee declines to stipulate, the court may dismiss this action based upon plaintiff's request, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

     Accordingly, it is hereby ORDERED that:

    1. Plaintiff's motion to strike, ECF No. 13, is denied.

    2. Defendant Terese's motion to dismiss, ECF No. 16, is denied.

    3. Defendant Douglas's motion to dismiss, ECF No. 17, is denied.

    4. Defendant Renee is directed to file, within seven days of the date of this order, a document stipulating to dismissal of this action without prejudice pursuant to Rule 41(a)(1)(A)(ii), or otherwise respond to plaintiff's request for voluntary dismissal.[2]

    5. In a separate order, the court will reset a scheduling conference. All parties are expected to appear and to timely file their status reports.

IT IS SO ORDERED.

Dated:   January 27, 2025

                              JEREMY D. PETERSON
                              UNITED STATES MAGISTRATE JUDGE

---

[2] In the event Renee so stipulates, the court will construe the parties' filings as a stipulation of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(ii).