UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMIAN EARLY,

Plaintiff,

v.

RENEE HARDING, et. al.,

Defendants.

No. 2:23-cv-02405-DJC-JDP

ORDER

Pending before the Court is Defendants Terese Harding and Douglas Harding's Motion to release a judgment lien, recorded by Plaintiff, on their property located at 4121 Veralee Lane, Sacramento, California, 95838 ("the property"). (ECF No. 57.) Defendants allege that the judgment lien is invalid because they are not the judgment debtors for the underlying judgment debt, and they are the sole owners of the property in question. (Mot. (ECF No. 57) at 5.) Plaintiff argues that Defendants Renee and Douglas Harding were "undisclosed principals" of Renee Harding, their daughter and the debtor for the recorded lien's underlying judgment debt, and therefore that the lien is not invalid.

For the reasons below, the Court releases the judgment lien against Defendants' property.

## BACKGROUND

Plaintiff brought this case, in part, to request that the Court either perform a judicial foreclosure on Defendants Teresa and Douglas Harding's property or declare the property subject to a constructive trust for Plaintiff's benefit. (Compl. (ECF No. 1) at 6-8.) Plaintiff's requests are connected to a judgment lien which Plaintiff recorded against Defendants' property based on a judgment from Sacramento County Superior Court against Defendants' daughter, Renee Harding. Renee Harding was originally a Defendant in this action but was dismissed by stipulation following a Bankruptcy Court's discharge of Plaintiff's state court judgment against her – the same judgment that formed the basis for Plaintiff's recorded judgment lien. Following Renee Harding's dismissal, Teresa and Douglas Harding are the sole remaining Defendants in this matter.

Defendants' Motion to Release Lien has been fully briefed. (Mot.; Opp'n (ECF No. 58); Reply (ECF No. 59).) The Parties additionally submitted briefs in response to a request from the Court for supplemental briefing regarding a district court's power to release a lien under California Code of Civil Procedure Section 697.410. (*See* ECF No. 60; ECF No. 61; ECF No. 62.) Defendants' Motion was submitted without oral argument pursuant to Local Rule 230(g). (*See* ECF No. 63.)

## LEGAL STANDARD

California Code of Civil Procedure Section 697.410 governs the release of erroneous judgment liens on real property where "the name of the property owner is the same as or similar to that of the judgment debtor." Cal. Civ. Proc. Code § 697.410(a). In order to petition a court to release an erroneous judgment lien, the property owner must first submit to the judgment creditor who holds the lien a "written demand for a recordable document releasing the lien," "accompanied by proof to the satisfaction of the judgment creditor that the property owner is not the judgment debtor and that the property is not subject to enforcement of the judgment against the judgment debtor." *Id.* If these steps are followed and a judgment creditor

does not deliver a recordable document releasing the lien within 15 days of receiving the written demand and proof, "the property owner may apply to the court on noticed motion for an order releasing the judgment lien . . ." Cal. Civ. Proc. Code § 697.410(c). If the court is satisfied that the property owner is not the judgment debtor and the lien is erroneous, the court "shall order the judgment creditor to prepare and deliver a recordable document releasing the lien or shall itself order the release of the judgment lien on the property of such owner," *Id.*

Additionally, section 697.410 makes a judgment creditor who does not release an erroneous lien within 15 days of receiving the property owner's written demand and proof liable for "all damages sustained by reason of such failure and shall also forfeit one hundred dollars ($100) to the property owner." Cal. Civ. Proc. Code § 697.410(b). Courts are further required to award reasonable attorney's fees to the prevailing party in any proceeding under the section. Cal. Civ. Proc. Code § 697.410(d).

Under Rule 69(a) of the Federal Rules of Civil Procedure, "[t]he procedure on execution [of money judgments]--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). District courts may enforce state court judgments or conduct supplementary proceedings in aid of such judgments even when "a literal reading of the applicable state law indicates that enforcement proceedings must be held in a certain state court." *Duchek v. Jacobi,* 646 F.2d 415, 417 (9th Cir. 1981).

**DISCUSSION**

Defendants have met their burden to demonstrate they are entitled to relief under section 697.410. Plaintiff does not dispute that Defendants Terese and Douglas Harding are the owners of the property, and that Plaintiff's judgment lien is recorded against Renee Harding. (*See* Opp'n.) Plaintiff does not dispute that Defendants

provided Plaintiff with a written demand to release the lien, as well as proof that Terese and Douglas Harding are the owners of the property. *See id.*

Instead, Plaintiff articulates a difficult-to-follow legal theory. Plaintiff alleges that Renee Harding acted as an agent for Defendants Terese and Douglas Harding and entered into a contract with Plaintiff to improve the property without informing Plaintiff that Terese and Douglas Harding were the actual property owners. (*See* Opp'n at 2-4.) Plaintiff perplexingly then reasons that, based on this alleged agency relationship, he may legitimately use a now-discharged judgment against Renee Harding to record and enforce a judgment lien against the property, despite conceding that Renee Harding is not the property's owner. (Opp'n at 3-4.) Plaintiff cites no apposite authority to explain this position. The Court rejects it.

Defendants have provided the Court with evidence that Terese and Douglas Harding, the property owners, are not judgment debtors to Plaintiff, and therefore that their property is not subject to enforcement of any judgment Plaintiff possess. (*See* Mot. Ex. 1; Mot. Ex. 2.) Defendants have also provided the Court with evidence demonstrating that they have complied with the statute by providing evidence to Plaintiff that Defendants Terese and Douglas Harding are not judgment debtors to the Plaintiff, and that Plaintiff's lien against their home is therefore erroneous. (*See* Mot. at 11-12.) Plaintiff does not dispute that Defendants provided him with such evidence. (*See* Opp'n.) And, Defendants have further demonstrated that after Plaintiff received Defendants' evidence demonstrating that they are not judgment debtors and that the lien is therefore erroneous, Plaintiff failed to release the lien on Defendants' property within the 15 day period required by the statute.

In light of the above, Defendants have satisfied the Court that they have both complied with section 697.410's requirements for relief and that they are not Plaintiff's judgment debtors. Plaintiff's judgment lien against their property is therefore erroneous. Thus, the Court orders the release of the judgment lien on the property located at 4121 Veralee Lane, Sacramento, California, 95838.

Defendants also request a forfeiture of $100 along with reasonable attorney's fees of $6,000. (Mot. at 14.) The statute requires the prevailing party to be awarded reasonable attorney's fees, as well as a $100 forfeiture. *See* Cal. Civ. Proc. Code § 697.410(b)-(d). As the Court finds that Defendants' request for $6,000 in attorney's fees is reasonable, Defendants' request for the $100 forfeiture and for $6,000 in attorney's fees is also granted.

**CONCLUSION**

In light of the above, Defendants' Motion to Release a Judgment Lien (ECF No. 57) is GRANTED. It is hereby ORDERED that Plaintiff pay to Defendants the $100 statutory forfeiture and $6,000 in attorney's fees.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – Early23cv02405.mtrl