UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN EARLY,<br>Plaintiff,<br>v.<br>RENEE HARDING, et. al.,<br>Defendants. | No. 2:23-cv-02405-DJC-JDP<br><br>ORDER |

Pending before the Court are Defendants' Motion for Judgement on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 64) and Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c) (ECF No. 65). Both motions are fully briefed, and were ordered submitted at the hearing held on November 5, 2026, at which Plaintiff's counsel failed to appear. (*See* MSJ; Opp'n to MSJ (ECF No. 68); Reply ISO MSJ (ECF No. 69); MFJP; Opp'n to MFJP (ECF No. 71); Reply ISO MFJP (ECF No. 73).) For the reasons below, Defendants' motion for summary judgment is granted for Plaintiff's first, third, fourth and sixth claim, and Defendants' motion for judgment on the pleadings is granted for Plaintiff's fifth claim.

## LEGAL STANDARD

Summary judgment may be granted when the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The principal purpose of summary judgment is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Therefore, the "threshold inquiry" is whether there are any factual issues that could reasonably be resolved in favor of either party, or conversely, whether the facts are so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986).

However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. A "material" fact is relevant to an element of a claim or defense that may affect the outcome of the case. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.*

In a summary judgment motion, the moving party must inform the court of the basis for the motion and identify the portion of the record that it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the burden then shifts to the opposing party, who must establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). To meet their burden, parties must either cite to materials in the record supporting their position or show that the materials cited do not establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1).

For the opposing party to succeed and avoid summary judgment, they "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Rather, the opposing party must produce enough evidence to show that, based on this evidence, a reasonable trier of fact could find in

the opposing party's favor. *T.W.*, 809 F.2d at 631. In other words, for the moving party to succeed, the court must conclude that no rational trier of fact could find for the opposing party. *Matsushita*, 475 U.S. at 587. However, so as not to usurp the role of the jury, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions." *Liberty Lobby*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587–88. Therefore, the court draws all reasonable inferences and views all evidence in the light most favorable to the opposing party. *Id.*

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, the allegations of the non-moving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). "[J]udgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

**DISCUSSION**

The facts and procedural details of this case are known to the Parties. At the outset, the Court notes that Plaintiff's second claim, for "Transfer in Defraud of Creditors" has already been dismissed with prejudice. (ECF No. 54.) Next, the Court addresses Defendants' arguments that Plaintiff's remaining claims fail as a matter of

law because holding Defendants liable for claims based on a third-party state court judgment in a case they did not have the opportunity to litigate would violate due process. (MSJ at 15-18.) The Court agrees with Defendants that Plaintiff's first, third, fourth, and sixth claims all depend on Defendants being bound by the state court judgment Plaintiff obtained against former-defendant Rene Harding. The parties do not dispute that this judgment was entered only against Rene Harding, and not against Defendants. (Plaintiff's Response to Defendants' Separate Statement of Undisputed Material Facts ("SUMF") (ECF No. 68, Ex. 1) at no. 26.)

Plaintiff has not properly added Defendants to that judgment. Under California law, a judgment creditor seeking to add non-parties to a judgment must first show that the non-parties are the alter-ego of the old party to the judgment, and, second, the judgment creditor must satisfy due process concerns by demonstrating that the new party "controlled the litigation" giving rise to the judgment, thereby ensuring that the new parties had an opportunity to litigate the underlying case. *In re Lavender,* 180 F.3d 1114, 1121 (9th Cir. 1999). Plaintiff has shown neither. Indeed, Plaintiff does not dispute that Rene Harding failed to even inform Defendants about Plaintiff's state court action against her—meaning that Defendants did not, and could not, control the litigation that produced Plaintiff's judgment, giving them no opportunity to litigate and satisfy due process in state court. (*See* Plaintiff's Response to Defendants' SUMF at no. 23.) Thus, the Court finds that Plaintiff's first, third, fourth, and sixth claims fail on due process grounds.

Further, while there are several factual disputes between the parties regarding Plaintiff's claims, there are no genuine disputes regarding any material facts needed to dispose of Plaintiff's remaining claims as a matter of law. This is because Plaintiff's theory of Defendants' liability for all claims except his theft claim—the fifth cause of action—depend on Defendants being "principals" in an agency relationship with their daughter, Rene Harding. While there are several disputed facts before the Court, there is no dispute as to any material facts that could establish an agency relationship

between Defendants and Rene Harding. In Plaintiff's own deposition, Plaintiff admits to having no knowledge of either Defendant controlling Rene Harding or directing her conduct in the joint venture agreement. (*See, e.g.* D. Early Depo. (ECF No. 65-13) at 100:12-22.) The mere fact that Defendants were at the premises and observed the construction and did not correct Rene Harding when she said the property she was leasing was hers is insufficient as a matter of law to create an agency relationship.

With this in mind, Plaintiff's first claim, for equitable subordination, fails as a matter of law because Plaintiff has not alleged any facts suggesting that Plaintiff is a creditor of Defendants. Plaintiff's third claim, for Declaration of a Constructive Trust over the sales proceeds for the property at issue in this matter, fails as a matter of law because Plaintiff has not alleged any facts suggesting that Defendants, if they were not principals of Renee Harding, have committed any acts towards Plaintiff regarding the property that could justify imposing a constructive trust. Plaintiff's fourth claim, for unfair business practices under California's Unfair Competition Law, fails as a matter of law because Plaintiff has not alleged material facts to establish that Defendants, if they were not principals of Rene Harding, engaged in any business practices with Plaintiff. And Plaintiff's sixth claim, for a judicial foreclosure against Defendants' property, fails as a matter of law because Plaintiff has not established any facts demonstrating that he is entitled to a judgment lien against Defendants' property because Plaintiff has, as outlined above, not obtained any underlying judgment against Defendants.

Plaintiff's fifth claim, for theft, also fails as a matter of law. Plaintiff has sued Defendants under California Penal Code section 484, California's criminal theft statute. This statute does not contain any language suggesting that there is a private right of action under section 484—nor can the Court find any authority for the availability of any such civil enforcement mechanism. *See Windham v. Davies*, No. 1:14–cv–01651, 2015 WL 461628 (E.D. Cal. Feb. 3, 2015) (collecting cases finding no private right of action under section 484). As section 484 does not provide for civil enforcement, Plaintiff's fifth claim fails as a matter of law.

**CONCLUSION**

Accordingly, the Court grants Defendants' motion for summary judgement (ECF No. 65) for Plaintiff's first, third, fourth, and sixth claims. Defendants' motion for judgment on the pleadings (ECF No. 64) is GRANTED as to Plaintiff's fifth claim. The Court further directs the Clerk of Court to enter judgment in favor of Defendants.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – Early23cv02405.msj